IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-30627
Summary Calendar

1544 TCHOUPITOULAS LLC

Plaintiff-Appellant

v.

CENTURY SURETY COMPANY; INDEPENDENT INSURANCE
ASSOCIATES INC

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-1868

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    1544 Tchoupitoulas, LLC challenges the summary judgment in favor of
Century Surety Company. Primarily at issue is whether Tchoupitoulas is an
insured, or additional insured, under the property-damage portion of insurance
policy at issue, and therefore, entitled to coverage for damage resulting from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Hurricanes Katrina and Rita. (Tchoupitoulas does not contest the district court's dismissal of Independent Insurance Associates, Inc.)

Tchoupitoulas was the owner-lessor of hurricane-damaged property located at 1544 Tchoupitoulas Street in New Orleans, Louisiana. The lessee, Twi Ro Pa Mills Arts & Entertainment Center LLC, maintained insurance coverage on the building, pursuant to the lease agreement. Insurance policy number CCP334945, obtained by Twi Ro Pa from Century, contained two parts: general liability coverage; and property damage coverage. Tchoupitoulas is listed as an additional insured under the general liability coverage portion of the policy; however, it is not an additional insured under the part establishing coverage for property damage. Following damage sustained from the two hurricanes, Twi Ro Pa notified Century. An adjuster evaluated the claim; and, based on that inspection, Century issued checks totaling $667,218.57 to Twi Ro Pa for damage to the building and contents.

Tchoupitoulas filed this action, maintaining: it was an insured under that policy; and, as such, Century failed to pay it for damages to the building. A summary-judgment motion was filed by Century, asserting, inter alia, Tchoupitoulas was not an insured entitled to coverage. The district court awarded judgment to Century, holding: Tchoupitoulas was not entitled to payment for damages because it was not an insured under the property-coverage portion of the policy.

A summary judgment is reviewed de novo, applying the same standard as did the district court. E.g., Miss. River Basin Alliance v. Westphal, 230 F.3d 170, 174 (5th Cir. 2000). Such judgment is proper if, viewing the summary-judgment evidence in the light most favorable to the nonmovant, there is "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Essentially for the reasons stated by the district court, summary judgment was proper. Although Tchoupitoulas maintains an endorsement to the policy added it as an additional insured, that endorsement applied to the general-liability portion of the policy, not to the property-damage portion. Moreover, the e-mail sent by Independent Insurance Associates, requesting Tchoupitoulas be added to the property-damage portion of the policy, does not establish coverage. The record is simply devoid of evidence establishing Tchoupitoulas as an additional insured under the property-damage portion of the Century policy.

Accordingly, Century had no duty, under this policy, to provide coverage to Tchoupitoulas for the property damage. Because Tchoupitoulas was not an insured under that portion of the policy, we need not reach whether the wind exclusion would apply to exclude coverage, or whether issues of fact remain as to the calculation of damages.

AFFIRMED.